JAMES PHILLIP VAUGHNS, CSBN 124040
Law Offices of James P. Vaughns
6114 LaSalle Avenue, Suite 289
Oakland, California 94611
Telephone:   510-583-9622
Fax:              510-735-8658
Email:          vaughnslaw@aol.com

Counsel for Defendant
Jaime LIMON-GONZALEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | No. CR 24-00255 YGR |
| Plaintiff,   ) | SENTENCING MEMORANDUM |
| v.   ) | Date: August 1, 2024 |
|   ) | Time: 2:00 p.m. |
| JAIME LIMON-GONZALEZ   ) | Hon. Yvonne GONZALEZ ROGERS |
| Defendant.   ) | |
| _____ ) | |

## INTRODUCTION

This is a case which stems from Mr. Limon-Gonzalez being initially charged with violations of his supervised release terms in Docket 12-0685-YGR. The instant charge was sought by the Government as their investigations proceeded. The parties expect the disposition in this case to include a resolution of the 12-0685 docket as well.

Both the Government and U.S. Probation have recited the facts of this case in their respective memoranda and Mr. Limon-Gonzalez declines to repeat them or challenge them, except in one major instance which will be addressed below. With this Memorandum, he hopes to convince the Court that the 63 month term of imprisonment contemplated by the parties is sufficient to meet the goals of sentencing.

CR 23-0283-YGR

## STATEMENT OF FACTS

As stated above, Mr. Limon-Gonzalez's only dispute regarding the factual aspects of the Government's and U.S. Probation's filings centers around the allegation that he endeavored to obstruct justice by sending certain items of discovery to his brother. He does not deny sending the documents. However, the documentation made reference to the fact that a confidential informant had been utilized in the course of the Government's investigation.

Mr. Limon-Gonzalez's intention was to make it clear to all those individuals following the progress of his case and those related to it that he was not the informer, nor was he in the process of informing.

As is common when valuable quantities of controlled substances are seized by law enforcement, there are questions asked afterwards by involved parties. The failure to provide answers can lead to unpleasant interactions between arrestees, their families, and those involved parties.

First and foremost, Mr. Limon-Gonzalez wanted to protect his family from any repercussions from his arrest and the seizure of the drugs in this case. Secondly, he wanted to insure he wasn't going to have any problems maintaining his work positions at Santa Rita Jail where he had worked in laundry and in the kitchen. Had there been any indication that he had been an informer or had begun informing, both interests would have been compromised.

## APPLICABLE LAW

*United States v. Booker* (2005) 543 U.S. 220, established the principle that the Sentencing Guidelines are now advisory only and that, at sentencing, federal judges must continue to consult the Guidelines, but are obliged to give effect to the criteria set forth in 18 U.S.C. § 3553(a).

In light of *Booker*, judges have finally been restored to their rightful position of possessing the discretion to fashion a sentence based on the particular facts of a case and the particular characteristics of a defendant - not fashioning a sentence based on a rigid set of rules that ignore those particularities.

## FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE

The primary directive in 18 U.S.C. § 3553(a) is for sentencing Courts to impose a sentence which is sufficient, but not greater than necessary, to comply with the four objectives of sentencing:

(1) to provide just punishment; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) and to provide the defendant with effective rehabilitative treatment.

As noted above, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in18 U.S.C. § 3553(a).  In determining a minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider certain factors, particularly the following:

### *Characteristics of the Defendant*

Mr. Limon-Gonzalez is a 39-year old of three children, Santiago, Saeltiel, and Andrea. Presentence Report ("PSR") ¶ 44. He was a recidivist drug dealer. The operative word, "was," is intentional.

When counsel first met Mr. Limon-Gonzalez, the first words counsel heard from him were "She's not going to like seeing me again." Not knowing who he was talking about, counsel asked whether Mr. Limon-Gonzalez was referring to his mother since there was such a tearful delivery of each word. Of course, he was actually referring to the Court.

He explained how he remembered each word the Court used at his sentencing and how the Court pointed out how she could appreciate his family's disappointment with him. Most importantly, he said he felt more ashamed that he had let the Court down rather

than his family. He dreaded seeing the Court again, not simply because he expected a harsh sentence. He told counsel that he deserved that. What he needed to strengthen himself up for was the meeting of eyes with the Court on what he considered "judgment day."

After every appearance before the Court, Mr. Limon-Gonzalez would tell counsel that his sense of shame was greater, not lesser. He would repeatedly say that he "let her down when she trusted me."

Every defendant is reluctant to be sentenced. Few are reluctant to face sentencing for the reason Mr. Limon-Gonzalez does - shame. Mr. Limon-Gonzalez does dread coming face to face with the Court to whom he made promises he failed to keep. He asked counsel to seek a high-end Guidelines sentence in hopes that it would show he truly regrets his failure and is not seeking to evade responsibility for any of his actions. That characteristic - the capacity to feel regret for letting the Court down - should inure to his benefit. It will remain to be seen if this bout of regret and shame will prevent another failure to live up to the standards he knows he should.

## CONCLUSION

For the foregoing reasons, counsel requests that the Court sentence Mr. Limon-Gonzalez to the high-end Guidelines sentence of 63 months.

DATED: July 26, 2024          /s/ James Phillip Vaughns
                              _____
                              JAMES PHILLIP VAUGHNS
                              Attorney for JAIME LIMON-GONZALEZ